UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS HECTOR ALMEIDA,

    Plaintiff,

    v.

J. ROBERTS,

    Defendant.

Case No. 15-cv-03319-JSC

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against Correctional Officer J. Roberts at Pelican Bay State Prison for using excessive force against him.[1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon Defendant.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 4.)

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that on September 4, 2012, Defendant J. Roberts, a Correctional Officer at Pelican Bay, came to Plaintiff's cell several times, each time inciting him to fight.  Finally, Roberts loudly directed Plaintiff to stop breaking his food tray, which Plaintiff was not doing.  Plaintiff alleges that he was in his cell and was not disobeying any orders or threatening any inmates or staff members.  Roberts then sprayed Plaintiff with "pepper" spray on his face and upper body.  This caused Plaintiff to suffer burning, coughing and difficulty breathing; the burning sensation lasted for several days, and Plaintiff suffered two "abrasions" in his right eye.  When liberally construed, these allegations are sufficient to state a cognizable claim against Roberts for using excessive force in violation of the Eighth Amendment proscription against cruel and unusual punishment.

## CONCLUSION

1.  The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on Defendant **Correctional Officer J. Roberts** at **Pelican Bay State Prison**.

1    The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order, to the California Attorney General's Office.

2.   Defendant shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.

3.   Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

4.   To expedite the resolution of this case:

a.   No later than **91** days from the date this order is issued, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.   Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28** days from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.   Defendant shall file a reply brief no later than **14** days after the opposition is filed.

e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

5.   All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to

1  Defendant or Defendant's counsel.

2      6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: August 21, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4