UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS HECTOR ALMEIDA,

    Plaintiff,

v.

J. ROBERTS,

    Defendant.

Case No. 15-cv-03319-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. No. 11

Carlos Hector Almeida, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to file an amended complaint and a proposed amended complaint. Service was ordered on the sole defendant in this case, J. Roberts. Prison officials notified the Court that defendant Roberts died on June 1, 2013, two years before the complaint was filed. Plaintiff has not addressed the death in his amended complaint but has identified two new defendants.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

Plaintiff states that one defendant used excessive force against him and two other defendants were responsible for failing to properly investigate the incident. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Whitley*, 475 U.S. at 320-21.

Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong, *Iqbal*, 556 U.S. at

2

675-84 (noting no vicarious liability under Section 1983 or *Bivens* actions), and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability). So it is insufficient for a plaintiff to allege only that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). Respondeat superior liability does not lie under section 1983. There is no liability under section 1983 solely because one person is responsible as a supervisor or superior officer for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court previously ordered service on the claim that defendant Roberts sprayed plaintiff with "pepper spray" on his face and upper body for no reason. This caused plaintiff to suffer burning, coughing and difficulty breathing; the burning sensation lasted for several days, and plaintiff suffered two "abrasions" in his right eye.

In the amended complaint plaintiff also states that he filed an inmate appeal regarding this incident and that defendant Cook failed to properly investigate the allegation or discipline Roberts. Plaintiff also alleges that defendant Davis denied a later inmate appeal. Plaintiff argues that Cook and Davis violated the Eighth Amendment in allowing the excessive force and covered up the incident.

Plaintiff has failed to link Cook or Davis to the alleged Eighth Amendment violation because they were not personally involved in the incident and there is no respondeat superior liability. Nor has plaintiff set forth a cognizable due process violation in his allegations that Cook and Davis did not believe his allegations. Plaintiff is not entitled to relief for his claim that the inmate appeals were denied because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The complaint will be dismissed with leave to amend

3

to address these deficiencies.

The incident in this case occurred in 2012. Defendant Roberts passed away on June 1, 2013, and plaintiff filed this case on July 17, 2015. Docket Nos. 1, 10. No party has been served on behalf of Roberts. Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of parties after death, providing for substitution where the claim is not extinguished by the death of the party. In *Robertson v. Wegmann*, 436 U.S. 584 (1978), the Supreme Court held that the law of the forum state is "the principle reference point in determining survival of civil rights actions" under § 1983. *Id*. at 590. Under California law, a cause of action against a person is generally not lost by reason of the person's death. Cal. Civ. Proc. Code § 377.20(a).

Rule 25(a) authorizes the substitution of proper parties when an existing party dies after the suit is commenced, but does not address situations where the death occurred before the suit was filed. Fed. R. Civ. P. 25(a); *see Hammond v. Federal Bureau of Prisons*, 740 F.Supp.2d 105, 109–110 (D.D.C. 2010); *Darmanchev v. Roytshteyn*, 234 F.R.D. 78, 80 (E.D. Pa. 2005). While the Ninth Circuit has not addressed this issue, courts have held, as a rule, that the substitution of parties cannot be ordered under Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party. *Davis v. Cadwell*, 94 F.R.D. 306, 307 (D. Del. 1982); *Mizukami v. Buras*, 419 F.2d 1319 (5th Cir. 1969) (rule allowing substitution for deceased party where claim is not extinguished by his death was not available to plaintiff in death action where defendant predeceased filing of action); *Laney v. South Carolina Dept. of Corrections*, 2012 WL 4069680 (D. S.C., May 8, 2012) (Rule 25 is not applicable in this case because plaintiff sues a person who was already dead, and not a person who was a proper party and served with process prior to dying).

If plaintiff wishes to continue with the claim against Roberts he needs to address any of the claims presentation requirements of California Probate Code § 9000 *et seq*. or other aspects of state law that might apply and he will need to identify the appropriate representative of Robert's estate and name that individual in an amended complaint.

**CONCLUSION**

1. The motion for leave to file an amended complaint (Docket No. 11) is **GRANTED**.

2. The amended complaint is **DISMISSED** with leave to amend. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 26, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS HECTOR ALMEIDA,

        Plaintiff,

   v.

J. ROBERTS,

        Defendant.

Case No. 15-cv-03319-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 26, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos Hector Almeida ID: Prisoner Id G-30247
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: January 26, 2016

        Susan Y. Soong
        Clerk, United States District Court

        By: *[signature]*
        LISA R. CLARK, Deputy Clerk to the
        Honorable JAMES DONATO